UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MILES MORAN,<br><br>        Petitioner,<br><br>   v.<br><br>MARLIN GUSMAN, Sheriff of Orleans Parish,<br><br>        Respondent. | Case No. 2:19-cv-13503 |

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Miles Moran petitions this Court to issue a writ of habeas corpus and order his release from Orleans Parish Sheriff Marlin Gusman's custody. Mr. Moran is a pretrial detainee whose liberty has been deprived solely because he cannot afford to pay a secured money bail set by Magistrate Harry Cantrell of the Orleans Parish Criminal District Court. His continued detention for his inability to pay a money bail, absent sufficient findings as to alternative conditions of release and necessity of detention, violates Mr. Moran's constitutional rights as set forth by this Court in *Caliste v. Cantrell*, 329 F. Supp. 3d 296, 308–15 (E.D. La. 2018). Furthermore, Mr. Moran's detention is unconstitutional because it is the result of a secured financial condition of release required by Magistrate Cantrell in spite of this Court and the Fifth Circuit's ruling that Magistrate Cantrell's continuing financial conflict of interest in requiring such financial conditions of release violates the United States Constitution. *Id.* at 315–20.

**Jurisdiction and Venue**

1.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 2241(c)(3), 28 U.S.C. § 1651, and Article I, § 9 of the U.S. Constitution.

2. Venue is proper in this judicial district under 28 U.S.C. 2241(d), because Petitioner Moran is being detained in this district, and under 28 U.S.C. § 1391 because a substantial part of the events giving rise to his petition occurred in this district.

### Parties

3. Petitioner Miles B. Moran is a pretrial detainee in the custody of Respondent Sheriff Marlin Gusman. He is currently detained at the Orleans Justice Center, 2800 Perdido Street, New Orleans, LA 70119, under Orleans Parish Sheriff's Office folder number 2492918. Magistrate Harry Cantrell has conditioned Mr. Moran's release on payment of a secured money bail that Mr. Moran cannot afford, and there has been no finding that alternatives to pretrial detention are insufficient and that Mr. Moran's detention is necessary to serve any government interest. He has applied for supervisory writs from the Louisiana Fourth Circuit Court of Appeals and the Louisiana Supreme Court. Both writs were denied, exhausting all of Moran's state remedies.

4. Respondent Marlin Gusman is the Sheriff of Orleans Parish and holds Mr. Moran in his custody at the Orleans Justice Center.

### Factual and Procedural Summary

5. Miles Moran was arrested on Oct. 1, 2019, on charges of unauthorized entry of a business, La. R.S. § 14:62.4, and theft under $500, La. R.S. § 14:67(B)(3), arising from allegations that he had shoplifted $21.28 of drinks and potato chips. (Ex. 1, Tr. of Bond Reduction Hr'g at 2.)

6. He appeared before Magistrate Harry Cantrell on the following day, Oct. 2, 2019, for his first appearance hearing, and his case was assigned number 582195. Magistrate Cantrell

ordered that Mr. Moran be released upon payment of a $1,250 secured money bond.  Mr. Moran was remanded to Sheriff Gusman's custody because he could not pay.

7. Mr. Moran's counsel at the Orleans Public Defenders moved for a bond reduction and argued the motion on Oct. 15, 2019. Mr. Moran's counsel argued that he was indigent, had no stable address, and "would be unable to afford any amount of bond." (Ex. 1 at 4.) His counsel further represented that she had secured a bed for Mr. Moran at Odyssey House, a residential addiction treatment program. (*Id.*) Mr. Moran's counsel requested that he be released on recognizance. (*Id.*)

8. The Assistant District Attorney provided no argument for why Mr. Moran's detention was necessary. He stated only, "I see one conviction from '17 from Mississippi, no failures to appear. I don't know what his current address situation is now." (Ex. 1 at 2.)

9. Magistrate Cantrell denied, without reason, Moran's request for release on recognizance and instead lowered his required financial condition of release from $1,250 to $300. (Ex. 1 at 4.)

10. Mr. Moran has not been able to pay this $300 financial condition of release and remains incarcerated at the Orleans Justice Center as of the filing of this Petition.

11. The District Attorney's office has not filed a bill of information nor sought an indictment against Mr. Moran, and thus no arraignment is scheduled.

12. Magistrate Cantrell imposed a secured money bail on Mr. Moran despite the Orleans Parish Criminal District Court's continuing receipt of a fee on commercial sureties. This Court previously ruled that Magistrate Cantrell's reliance on this fee to fund his court's

operations violates the due process rights of those arrestees for whom he sets a money bond. *Caliste*, 329 F. Supp. 3d at 315–20, *aff'd by Caliste v. Cantrell*, 937 F.3d. 525 (5th Cir. 2019).[1]

14. In response to undersigned counsel's public records request, Orleans Parish Criminal District Court Administrator Robert Kazik informed undersigned counsel that in the year between this Court's ruling and the Fifth Circuit's affirmance, the OPCDC had collected $540,407.12 of the conflicted bond funds into a "Criminal District Court Criminal Justice 'Escrow Account.'" (Ex. 2)

14. On Oct. 24, 2019, counsel for Magistrate Cantrell informed undersigned counsel via letter that "Judge Cantrell has voluntarily recused himself from all participation in the Judicial Expense Fund's management. Additionally, the bond fees are no longer deposited into the Judicial Expense Fund. As a result, there is no violation of the declaratory judgment." (Ex. 3)

15. There is no provision in state law for the creation of such an Escrow account or for the use of the funds collected for anything other than the statutory purpose of the Judicial Expense Fund (i.e. to fund the court's operations.)

16. Mr. Moran's counsel at the Orleans Public Defenders sought review of Magistrate Cantrell's bond-reduction decision by filing a Petition for Supervisory Writs to the Louisiana Fourth Circuit on Oct. 29, 2019. (Ex. 4) That writ application was denied on the same day. (Ex. 5).

17. On October 31, 2019, Mr. Moran sought review in by the Louisiana Supreme Court. (Ex. 6.) The Supreme Court denied Mr. Moran's petition on November 1, 2019. (Ex. 7.) Chief Justice Johnson dissented from the denial, stating that she "would grant and release defendant on his own recognizance." (*Id.*)

---

[1] The opinions of this Court and the Fifth Circuit are attached as Exhibits 8 and 9.

18. In both writ applications, Mr. Moran assigned the same constitutional errors to Magistrate Cantrell's bail determination. First, Cantrell imposed a secured money bond without first "resolving the structural conflict of interest" created by his court's reliance on the commercial surety licensing fee, violating Mr. Moran's due process rights. Second, in the bond-reduction hearing Cantrell failed to: inquire into Moran's ability to pay the amount set, make factual findings as to his ability to pay, make findings as to the sufficiency of alternative conditions of release, make findings as to flight risk or danger, and to make such findings by a clear-and-convincing-evidence standard.

**Legal Standard**

19. A pretrial detainee in custody due to an order of a state court may challenge their continued confinement through application for a writ of habeas corpus under 28 U.S.C. § 2241. *See Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011) (holding that § 2241 was the proper vehicle for pretrial detainee's habeas challenge to state court's denial of motion to quash indictment), *cert. denied* 565 U.S. 1196 (2012).

20. The writ of habeas corpus is a proper means of challenging an unconstitutional pretrial bail. *See, e.g.*, *United States ex rel. Rubinstein v. Mulcahy*, 155 F.2d 1002, 1004 (2d Cir. 1946) ("The court in habeas corpus proceedings may where excessive bail has been fixed in a criminal prosecution reduce it to a reasonable amount and enlarge the accused on bail so reduced."); *Reem v. Hennessy*, No. 17-cv-06628-CRB, 2017 WL 6765247, at *1 (N.D. Cal. Nov. 29, 2017) (granting pretrial detainee's habeas petition and holding, ("The due process clauses of the Fifth and Fourteenth Amendments bar pretrial detention unless detention is necessary to serve a compelling government interest.")

21. Section 2254 of Title 28 is inapplicable to pretrial detainees; thus the deferential review accorded by § 2254(d) to state courts' findings of fact has no place in review of a § 2241 petition. Instead, courts conduct a de novo review of such petitions. *Martinez*, 644 F.3d at 242 ("[T]he district court did not err by conducting a de novo review of Martinez's state court proceedings and we apply the same standard when reviewing his petition under § 2241").

22. Section 2241 enumerates the circumstances under which a state prisoner may petition for habeas relief, including when "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## Grounds for Issuance of the Writ

<u>Ground One: Magistrate Cantrell's imposition of a secured money bail violated Mr. Moran's due process rights.</u>

23. In August 2018, this Court issued a declaratory judgment in the *Caliste v. Cantrell*, 329 F. Supp. 3d 296 (E.D. La. 2018), announcing the minimum procedures Magistrate Cantrell must follow in order to conduct constitutional bail hearings. The Court held that "Due Process requires:  1) an inquiry into the arrestee's ability to pay, including notice of the importance of this issue and the ability to be heard on this issue; 2) consideration of alternative conditions of release, including findings on the record applying the clear and convincing standard and explaining why an arrestee does not qualify for alternative conditions of release; and 3) representative counsel." 329 F. Supp. 3d at 315. Petitioner incorporates this Court's reasoning in its opinion in *Caliste* for the purposes of this emergency petition.

24. This Court's ruling was supported by a finding that arrestees possess a fundamental right to pretrial liberty and also have  liberty interest in not being imprisoned solely because of their indigence. *Caliste*, 329 F. Supp. 3d at 310 (citing *United States v. Salerno*, 481 U.S. 739, 750 (1987); *Tate v. Short*, 401 U.S. 395, 398 (1971)). Furthermore, the Court cited to

6

*Bearden v. Georgia*, 460 U.S. 660 (1983), for the proposition that an inquiry into the ability to pay and the adequacy of alternative conditions are necessary predicates to the imposition of a financial condition of release. 329 F. Supp. 3d at 311. Lastly, the Court relied upon such long-standing precedent as *Foucha v. Louisiana*, 504 U.S. 71 (1992) and *Addington v. Texas*, 441 U.S. 418 (1979) in reaching its holding that pretrial deprivations of liberty require findings by clear and convincing evidence. 329 F. Supp. 3d at 313–14.

25. After issuing its declaratory judgment, the court subsequently issued a consent decree requiring Magistrate Cantrell to comply with the requirements set forth in the declaratory judgment. Order entering consent judgment, ECF No. 158, *Caliste v. Cantrell*, 17-cv-06197-EEF-MBN (E.D. La. June 13, 2019).

26. The transcript of Mr. Moran's bond-reduction hearing on Oct. 15, 2019, makes clear that, except for the provision of counsel, the *Caliste* requirements were not followed. Magistrate Cantrell made neither an inquiry into nor factual findings on Moran's ability to afford the financial condition that he imposed on Moran's release. Despite representations from the public defender that Mr. Moran was indigent and would "be unable to afford any amount of bond," Magistrate Cantrell made no findings on the record as to ability to pay. (Ex. 1 at 4.)

27. Furthermore, Magistrate Cantrell made no findings—much less findings by clear and convincing evidence—that alternative, nonfinancial conditions of release could not fulfill the government's interest in community safety or in Mr. Moran's returning to court. Mr. Moran's public defender proposed one such condition, his release to Odyssey House. Magistrate Cantrell rejected this without explanation. The Assistant District Attorney offered that Mr. Moran had no failures to appear (Ex. 1 at 2) and did not refute defense counsel's statement that Mr. Moran's criminal history consisted of a single misdemeanor conviction.

28.     As a result of these errors, Mr. Moran has been deprived of his pretrial liberty solely because he is unable to pay a small amount of money, violating his Due Process rights.

29.     Mr. Moran should be immediately released on this ground. If the state commences further criminal proceedings in this case and seeks to accomplish his pretrial detention, this Court should order that the requirements of *Caliste* be followed.

Ground Two: Financial Conflict of Interest in Violation of Due Process

30.     There is, however, an additional ground for Mr. Moran's release that is independent of Magistrate Cantrell's policies and procedures discussed above.

31.     Magistrate Cantrell's second error is that he required a secured financial condition of release despite the conflict of interest created by his court's funding from the commercial surety licensing fee collected on every commercial surety bond in Orleans Parish.

32.     This Court previously held, and the Fifth Circuit affirmed, that the Orleans Parish Criminal District Court's collection of these funds presents sufficient temptation to an average man as a judge such that an unconstitutional financial conflict of interest was present in every secured money bond required by Magistrate Cantrell.

33.     The prohibition against such financial conflicts of interest among the judiciary has deep roots in the common law and has been repeatedly affirmed by the Supreme Court. *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883 (2009); *Ward v. Village of Monroeville*, 409 U.S. 57 (1972); *Tumey v. Ohio*, 273 U.S. 510 (1927); *see also Brown v. Vance*, 637 F.2d 272 (5th Cir. 1981).  Petitioner adopts the reasoning in this Court's and the Fifth Circuit's opinions in *Caliste v. Cantrell* for the purposes of this emergency petition. *See* 329 F. Supp. 3d at 296 (E.D. La. 2018); 937 F.3d 525 (5th Cir. 2019).

34. A voluntary recusal from management of the funds and deposit of those funds into a different account, which is still presumably under the OPCDC judges' control, does not eliminate the temptation for a judge to maintain the revenue stream created by this fee.

35. Until the financial conflict infecting Magistrate Cantrell's decisions on release conditions is removed, he may not constitutionally impose a financial condition of release on Mr. Moran.

## Prayer for Relief

36. Petitioner prays that this Court order his release from Respondent Gusman's custody unless and until there is a lawful order for his pretrial detention that complies with the requirements of the United States Constitution as set forth by this Court in *Caliste*, 329 F. Supp. 3d at 308–15. At a minimum, there must be a finding on the record by clear and convincing evidence that detention is necessary because no other alternative condition of release is sufficient to serve the government's interests.

Respectfully submitted,

*/s/ Eric A. Foley*
Eric A. Foley, La. Bar No. 34199, T.A.
James W. Craig, La. Bar No. 33687
Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, La 70119
(504) 620-2259 (p)
(504) 208-3133 (f)
eric.foley@macarthurjustice.org
jim.craig@macarthurjustice.org

*/s/ Alec Karakatsanis*
Alec Karakatsanis, D.C. Bar No. 999294
(*pro hac vice* application pending)
Founder and Executive Director
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, DC 20006
(202) 681-2409
alec@civilrightscorps.org

*Counsel for Plaintiffs*

## Verification

I declare under penalty of perjury that I am the petitioner, I have read the foregoing petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

_____
Miles B. Moran